# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4897-16T2

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

     Plaintiff-Respondent,

v.

S.M.J.,

     Defendant-Appellant,

and

H.M.B.,

     Defendant.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF K.I.J.B.M. and S.J., Minors.

_____

Submitted October 11, 2018 – Decided October 31, 2018

Before Judges Simonelli and DeAlmeida.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0137-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Mary K. Potter, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Peter R. Van Brunt, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Melissa R. Vance, Assistant Deputy Public Defender, on the brief).

PER CURIAM

Defendant S.M.J. appeals from the June 30, 2017 judgment of the Chancery Division terminating her parental rights to K.I.J.B.M. and S.J., and placing those children in the custody of the Division of Child Protection and Permanency (the Division) for adoption. We affirm substantially for the reasons stated in Judge Nora J. Grimbergen's comprehensive written opinion issued on June 30, 2017.[1]

The evidence is detailed in Judge Grimbergen's opinion and can be summarized briefly here. The Division received two referrals about S.M.J. in

---

[1] Defendant H.M.B. is the father of both children. He did not appeal the trial court's June 30, 2017 judgment terminating his parental rights.

June 2015. At the time, S.M.J. had one child, K.I.J.B.M. It was reported to the Division that S.M.J., while pregnant with her second child, S.J., attempted suicide. According to the report, S.M.J. sought to terminate her pregnancy, and when informed that she was too far into her pregnancy for a termination, she intentionally stepped into traffic. S.M.J. denied having attempted suicide, claiming that she was upset, had tears in her eyes, and did not see the oncoming traffic when she entered the roadway. During her hospitalization for this incident, S.M.J. tested positive for Xanax and opiates.

After S.M.J. gave birth to S.J., the Division removed both children from S.M.J.'s custody, and placed them in the care of a resource parent. The Division referred S.M.J. to services for mental health issues. Despite her lengthy history of psychiatric ailments, including trauma-related symptoms, intrusive thoughts, nightmares, mood swings, daily panic attacks, and a hospitalization for an intentional overdose of sleeping pills, S.M.J. denies having mental health issues and refused treatment.

During an evaluation by a psychiatrist, S.M.J. admitted to using Suboxone, which is often prescribed to treat opiate addiction, and Xanax. When asked if she had a prescription for Xanax, S.M.J. stated that she no longer used the drug because she took medication during a recent incarceration that allowed

her to "kick" her Xanax habit. The expert testified that S.M.J.'s report of having been successfully treated for Xanax abuse was not credible and, if true, was dangerous because Xanax withdrawal must be effectuated over a long period with gradual reductions in the use of the drug. During the examination, S.M.J. displayed rapid and unstable mood shifts, uncontrolled crying at inappropriate moments, and an unorganized thought process. The expert diagnosed her with bipolar disorder, and substance abuse disorder. Although referred to both mental health and substance abuse treatment programs, S.M.J. was non-compliant. S.M.J. appeared at one therapy session having taken psychotropic medication.

S.M.J. also failed to take advantage of the Division's attempts to arrange for visitation with her children. Although S.M.J. had a few successful visits, she did not appear for most of the scheduled visits. She testified that her use of Xanax interfered with her visitation because the drug, when ingested, "took her somewhere else." At one program, S.M.J. failed to show up for three scheduled in-take sessions, resulting in her missing five months of visitation. She also failed to notify the Division of her release from incarceration, and of a change in her address, frustrating attempts to schedule visitation.

A-4897-16T2

The Division assessed several relatives for possible placement of the children. For various reasons, each of the relatives was determined not to be appropriate. A bonding evaluation revealed that the children were happy, relaxed, and spontaneous with their resource parent, who was, in turn, soothing, affectionate, and encouraging to the children. The resource parent would like to adopt the children. An expert opined that the children considered their resource parent to be their psychological parent, and would suffer significant and enduring harm if their relationship with their resource parent was severed.

Based on her evaluation of the trial evidence, including witness credibility, Judge Grimbergen concluded that the Division had satisfied the four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a), by clear and convincing evidence. The judge specifically found S.M.J. continues to endanger the health, safety, and development of the children through her untreated mental illness, substance abuse, and inconsistent presence as a parental figure in their lives. In addition, the court found that the Division's adequate efforts to provide services to S.M.J. to address these issues were frustrated by S.M.J.'s lack of participation. Finally, the court held that the Division established that the termination of parental rights would not do more harm than good to the children.

A-4897-16T2

Based on our review of the record and the applicable legal standards, we conclude that Judge Grimbergen's factual findings are supported by substantial credible evidence, and her legal conclusions are unassailable in light of those findings. See N.J. Div. of Youth & Family Servs. v. R.G., 217 N.J. 527, 552 (2014). S.M.J.'s arguments, including her claim that a language barrier hinders the relationship between the children and their resource parent, are not supported by the record. Her contentions are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4897-16T2